**2022 BNH 002**      Note:  This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                                                  Bk. No. 21-10693-BAH
                                                                                                         Chapter 7
Gary Maurice St. Laurent,
        Debtor


*Sandra A. Kuhn, Esq.*
*Family Legal Services, P.C.*
*Concord, New Hampshire*
*Attorney for Debtor*

*Richard K. McPartlin, Esq.*
*Ford, McDonald, McPartlin & Borden, P.A.*
*Portsmouth, New Hampshire*
*Attorney for Chapter 7 Trustee*

## MEMORANDUM OPINION

### I. INTRODUCTION

On February 1, 2022, Michael S. Askenaizer, the chapter 7 trustee (the "Trustee"), filed an objection to the Debtor's claim of homestead exemption under New Hampshire RSA 480:1 (Doc. No. 19) (the "Objection").  In Schedule C, Gary Maurice St. Laurent (the "Debtor") asserted a $120,000.00 exemption pursuant to RSA 480:1 in "[m]oney owed to Debtor from his ex[-]wife for his interest in former marital home" (Doc. No. 1).  On March 2, 2022, the Debtor filed a response to the Objection (Doc. No. 27) (the "Response").  The Court held a hearing on the Objection and the Response on March 9, 2022, at which it considered the arguments of the parties.  The Court ruled that the Objection would be sustained.  This opinion sets forth the Court's reasoning for sustaining the Objection.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of New Hampshire. This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

The facts are not disputed. The Debtor and his former wife resided at property located in Laconia, New Hampshire (the "Property") during their marriage. The Property was in the wife's name; the Debtor was not an owner of the Property.[1] During the pendency of the couple's divorce, the Debtor vacated the Property pursuant to a court order dated October 14, 2015; he never returned to live at the Property. The state court issued a divorce decree on December 18, 2015 (the "Final Divorce Decree"). The Final Divorce Decree awarded the Property to the wife, who was ordered to refinance the mortgage and pay half of the equity in the home (with some adjustments) to the Debtor, or the Property would be sold. The wife did not refinance the mortgage and pay the Debtor. Rather, on June 7, 2021, nearly five-and-one-half years after the Final Divorce Decree entered, she sold the Property for $221,000. The Debtor filed a chapter 7 bankruptcy petition on December 6, 2021, and claimed a homestead exemption in his share of the sale proceeds.

## III. DISCUSSION

The Trustee objects to the Debtor's claim of a homestead exemption in the Debtor's share of the proceeds from the sale of the Property. He notes that the Debtor did not live at the

---

[1] The Debtor noted in his Response that "[t]he Debtor has for years been determined by the Social Security Administration to be disabled." At the hearing, he suggested that he never became an owner of the Property because of his credit unworthiness.

2

Property on the bankruptcy petition date and had not lived at the Property for more than six years. He contends that the Debtor's interest as of the bankruptcy petition date was solely a personal property interest in money to be paid. In support of his position the Trustee cites <u>In re Visconti</u>, 426 B.R. 422 (Bankr. D.N.H. 2010) (sustaining the chapter 7 trustee's objection to the debtor's claim of a homestead exemption under NH RSA 480:1 because, while the debtor lived in the property on the petition date, he had no ownership interest in the home and was not married to the owner when he filed for bankruptcy).

In the Response, the Debtor attempts to distinguish <u>Visconti</u>, and cites several other cases for the proposition that the involuntary absence from a homestead incident to a divorce (unlike a voluntary absence from the home) does not prevent a debtor from claiming a homestead exemption in proceeds from the sale of the former homestead. See <u>In re Dubravsky</u>, 2007 BNH 030 (overruling the trustee's objection to the debtor's claim of homestead exemption under RSA 480:1, even though the debtor no longer lived in her former residence in Maine and had not for more than two years, because the debtor's absence, although permanent, was the result of a divorce decree--which incorporated a stipulation between the spouses--that required the debtor to surrender her interest in the residence in return for a one-half interest in the net sale proceeds upon sale of the residence under the terms of the decree); <u>Bower v. Deickler (In re Deickler)</u>, 1999 BNH 026 (holding a debtor may claim a valid homestead exemption under RSA 480:1 in her share of the equity in the marital home that was awarded during divorce); <u>In re Eckols</u>, 63 B.R. 523 (Bankr. D.N.H. 1986) (ruling that a homestead exemption in the proceeds of the sale of marital property could be claimed by a chapter 7 debtor who was prevented from occupying the property during a divorce proceeding, but who intended to return to property if he was awarded custody of their children).

In considering whether the Debtor is entitled to claim a homestead exemption in the sale proceeds in this case, the Court must first look to the statute itself.  RSA 480:1 provides in relevant part that "[e]very person is entitled to $120,000 worth of his or her homestead, or of his or her interest, therein as a homestead."  The New Hampshire Supreme Court has held that the homestead right must be established by actual physical possession of a property with the intent to occupy it as a home.  Currier v. Woodward, 62 N.H. 63, 64 (1882).  However, "occupancy alone does not preserve the homestead right—it also requires ownership."  Visconti, 426 B.R. at 425-26 (citing Gerrish v. Hill, 66 N.H. 171 (1890) (no homestead right when the debtors sold a farm but continued to live on it); Beland v. Goss, 68 N.H. 257 (1895) (homestead right was lost when the property was sold and the debtors moved out); Stewart v. Bader, 154 N.H. 75, 89 (2006) (defendant lost homestead right by lack of occupancy but court also noted that the property was sold several years before)).  Thus, "the homestead exemption under RSA 480:1 requires both occupancy and ownership."  Visconti, 426 B.R. at 426.

In Dubravsky, Deickler, and Eckols, the Court found that the absence from a property incident to a divorce proceeding may constitute a temporary absence which does not result in a loss of the homestead exemption.  See In re Chase, 2003 BNH 032, 4 (citing Deickler, 1999 BNH 026, 9; Eckols, 63 B.R. 523).[2]  The Court also held in those cases that a debtor may claim a

---

[2]  The rationale for such a holding was explained by the Court in Chase:

> The decision in Eckols was based upon long standing New Hampshire law expressed in the Currier, Austin and Wood decisions cited above and the public policy consideration that the law should not require "the often hostile parties to a matrimonial dispute to continue to share the marital abode on penalty of loss of property rights" due to the "potential for harm to a spouse or to children."  Id. at 526-27 (citing In re Smith, 57 B.R. 81 (Bankr. W.D.N.Y. 1985)).

Chase, 2003 BNH 032, 4.

4

valid homestead exemption in a portion of proceeds from the sale of the marital home attributable to the debtor's share of the equity in the marital home.

These decisions, however, can be distinguished from this case. In all the cases cited by the Debtor, the debtors held an <u>ownership</u> interest in the marital home before the parties divorced. See <u>Dubravsky</u>, 2007 BNH 030, 1 (noting that the debtor executed and delivered her former spouse a quitclaim deed as part of the divorce); <u>Deickler</u>, 1999 BNH 026, 2 (noting that the debtor was ordered to execute a quitclaim deed to the marital home); <u>Eckols</u>, 63 B.R. at 525 (noting that at the time of their divorce the debtor and his wife jointly owned and occupied the home as their homestead). Accordingly, prior to their divorce proceedings, the debtors in those cases would have been entitled to claim a homestead exemption pursuant to RSA 480:1, based on their <u>ownership</u> and <u>occupancy</u> of the marital home pre-divorce and pre-bankruptcy.

Here, the Debtor never held an <u>ownership</u> interest in the Property. Therefore, he would not have been able to claim a homestead exemption pursuant to RSA 480:1 pre-divorce and pre-bankruptcy.[3] The divorce proceeding did not affect any homestead exemption under RSA 480:1. Because the Debtor would not have been able to assert a homestead exemption in the Property

---

[3] Instead, the Debtor could have claimed a homestead exemption under RSA 480:3-a before his divorce. RSA 480:3-a provides:

> The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor.

The Court recently explained that "RSA 480:3-a is designed to protect spouses who do not hold an ownership interest in the homestead property themselves." <u>In re Hopkins</u>, 2021 BNH 004, 5. "[T]he exemption in RSA 480:3-a is for spouses who do not have an ownership interest in their residence at the time of the homeowner's death." <u>Id.</u> at 6.

The Debtor is unable to claim the benefit of RSA 480:3-a in this case because he is no longer the spouse of the owner of the Property, and he was not on the date his bankruptcy case was filed, his divorce having been finalized in 2015. See <u>Visconti</u>, 426 B.R. at 426 ("No homestead may be claimed in property owned by an individual to whom the person is not married, even if they occupy the property.").

pursuant to RSA 480:1 at the time of the divorce, he is unable to assert an exemption in the proceeds of that same property pursuant to RSA 480:1, despite the fact that his non-occupancy of the Property may have been involuntary and the result of a divorce court order.

## IV. CONCLUSION

For the reasons articulated above, the Trustee's Objection is sustained. The Debtor cannot exempt his interest in the sale proceeds of his former marital home pursuant to RSA 480:1. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Concord, New Hampshire.

Date:   March 10, 2022				/s/ Bruce A. Harwood
						Bruce A. Harwood
						Chief Bankruptcy Judge